WALLACE, JUDGE:
The claimants and the respondent entered into a written stipulation which was introduced into evidence as Joint Exhibit A. The parties stipulated that on or about August 5, 1969, the respondent awarded to the claimant, W & H Contracting Co., Inc., a contract for certain grading and paving for Project 1-79-2(35)48 in Braxton County, West Virginia. On or about October 28, 1969, the claimant, W & H Contracting Co., Inc., entered into a contract with the claimant, The Burke-Parsons-Bowlby Corporation, as subcontractor for limestoning, fertilizing, seeding, and mulching the project, with the contract to cover 177 acres. As determined from the daily batch tickets, 170.35 acres were seeded. The respondent paid the claimant, W & H Contracting Co., Inc., for 142.43 acres, 27.92 acres being in dispute. It was further stipulated that if the Court found for the claimants, the recovery could not exceed $12,843.20.
The record reveals that the respondent was responsible for paying for all seeding and mulching within the construction limits. Any areas outside the construction limits or areas that had to be re-seeded were the responsibility of the claimants. The claimants contend that the entire 170.35 acres were within the construction limits, and that they should be compensated for the entire acreage.
The testimony and the evidence of the respondent disclosed that the construction limits were actually exceeded in some areas. Exact measurements and exact acreages were not introduced to the Court.
*23 Pete I. Shaluta, the construction engineer on the job for the respondent, testified that he never actually computed the acreage seeded outside the construction limits, but knew that such acreage existed by checking the cross section measurement of the project. He further testified that the respondent’s liability lay within the construction area, and it was not his responsibility to find the claimants’ error. He stated that the 142.43 acres stipulated as the quantity paid for by the respondent was the actual acreage within the construction limits.
The parties introduced, as a joint exhibit, batch tickets showing the acreage seeded, location of areas, amount of seed, etc. These tickets set out the entire acreage seeded, but not the pay acreage. The claimants were paid on the respondent’s measurements of the project which were from the “as built” plans.
The claimants were paid for 142.43 acres and claim that they are due compensation for an additional 27.92 acres. Witnesses for the respondent contend their calculations are correct and that the difference lies in areas outside the construction limits. The claimants contend, except for waste areas, that they did not exceed the construction limits.
The Court finds, from the testimony and the evidence, that certain seeded areas were outside the construction limits and that the evidence is not sufficient to show that the respondent’s calculations are incorrect. Accordingly, the Court disallows the claim.
Claim disallowed.